**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Kendra Rightsell,

         Plaintiff,

v.

Concentric Healthcare Solutions LLC, et al.,

         Defendants.

No. CV-19-04713-PHX-GMS

**ORDER FURTHER AMENDING AMENDED JUDGMENT (DOC. 248) AND ATTORNEYS' FEES AWARD (DOC. 216).**

      Pending before the Court are the five issues on which the Ninth Circuit reversed and remanded this case for the further consideration of this Court: (1) The application of a 13.0% fringe benefit rate as opposed to a 13.2% fringe benefit rate; (2) The application of a 1.5% discount rate to past-due wages; (3) consideration whether it is appropriate to apply compound interest to the calculation of prejudgment interest; (4) This Court's failure to address Rightsell's requests to purge her personnel records; and (5) the reconsideration of the attorney's fees award after resolving the above issues.

      The first two of the issues have been resolved by the parties' agreement that, if the Court awards simple interest pre-judgment, an additional $15,365.10 should be awarded as of the original judgment date, September 29, 2023, and, if the Court awards compound interest pre-judgment, that Plaintiff should be awarded $17,358.72 as of that date.[1]  The Court thus turns to the remaining three issues.

---

[1]  The amount is awardable from pre-judgment interest on the appropriate fringe benefit rate without applying a discount rate to past-due wages pre-judgment.

**1.  Compounding Pre-Judgment Interest.**

The first issue on remand is not whether prejudgment interest should be awarded, which the Court already did, but whether the Court should have either ordered or provided that the pre-judgment interest be compounded in its judgment.

On remand, although Plaintiff acknowledges that she never directly asked the Court to compound pre-judgment interest, she asserts that she nevertheless adequately raised the issue by citing to a statute which covers post-judgment interest and by including her expert's graphs which incorporated such prejudgment compounding:

> 28 U.S.C. 1691(b) talks about interest shall be compounded annually, and that was what we put in our calculation that we submitted in our written closing argument and that's the table at 186-1.  It is based on a compound interest rate and that's the formula.  So, did we specifically say we want compound interest?  No.  We cited the statute that says were entitled to compound interest, we believe, and put forth the formula how its calculated.

Doc. 222 at 24.

To the extent the Plaintiff asserts that the statute entitles her to compounded pre-judgment interest she is wrong, although a court in its discretion may refer to the statute in making such determinations.  Nevertheless, the statute covers a whole range of issues pertaining to post-judgment as opposed to pre-judgment interest.  Plaintiff's post-trial brief is concerned with the statute's calculation of the rate.  In Plaintiff's post-trial brief the entire topic of prejudgment interest is dealt with in a single sentence which states "[p]rejudgment interest is also appropriate under 29 U.S.C. § 2617(a)(1)(A) and is calculated pursuant to post-judgment interest under 28 U.S.C. § 1961."  Plaintiff's post-trial brief then cites three cases all of which dealt with the calculation of the statutory rate of prejudgment interest, by using the statutory post-judgment rate, but none of those cases dealt with compounding. *See*, *Atwood v. PCC Structurals, Inc.*, 3:14-CV-00021-HZ, 2015 WL 94800024 at *3-4 (D. Or. Dec. 28, 2015) ("Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."); *White v. Oxarc*, *Inc.,* No. 1:19-CV-00485-CWD, 2022 WL 17668781, at

*19-20 (D. Idaho Dec. 13, 2022), appeal dismissed, No., 23-35032, 2023 Wl 2947441 (9th Cir. Mar. 21, 2023) ("Under the FMLA an award of prejudgment interest is mandatory."); *Eichenberger v. Falcon Air Exp. Inc.,* No. CV-14-00168-PHX-DGC, 2015 WL 3999142 at *9 (D Ariz. July 1, 2015) (rate calculated by statute). In awarding Plaintiff pre-judgment interest at the amount of 5.33% per annum, the Court awarded Plaintiff pre-judgment interest at the statutory rate that she requested. (Doc. 193 at 6).

The tables prepared by Plaintiff's expert pre-calculated amounts that the Court should award including complete backpay and front pay to continue for many years if the Court accepted all of Plaintiff's claimed damages. The calculations underlying the tables apparently took into account a number of issues, such as adjustments for pay increases over time, deductions for replacement work, discount rates to be applied to some elements but not others, interest rates, and compounding annual interest. But the tables themselves did not reflect in any comprehensible way, what was done to arrive at the figures and why, although Plaintiff has a different view. Further, the tables themselves were not useful to the Court where the Court determined that Plaintiff was entitled to some, but not all of the backpay she requested, and was entitled to none of the front pay. Plaintiff doubtless in good faith, provided the Court with spreadsheets with Plaintiff's assumptions pre-loaded so the Court could still have made adjustments to the amounts, but the Court was not comfortable with what assumptions may have been preloaded into the program. Even had the Court used the tables for some purposes nothing about those tables intelligibly informed the Court that Plaintiff's expert was compounding pre-judgment interest on the awards. Nor, in determining what issues the Plaintiff has raised to the Court, can the Court be expected to reverse engineer Plaintiff's logic or method in constructing its tables. As has been observed elsewhere "judges are not like pigs, hunting for truffles in briefs. Nor are they archaeologists searching for treasure. Put simply, the court is not obligated to paw over files … in order to make a party's claim. . . . [I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties." *Krause v. Nevada Mut. Ins. Co.*, 2014 WL 99178 at *2 (D. Nev. 2014).

1    Although had the issue been intelligibly raised, the Court would likely have awarded

2    compound prejudgment interest, the Court, under the present circumstances where the issue

3    was not intelligibly raised to the Court before the award, declines to do so.  Thus, the Court

4    awards an additional $15,365.10 as of the original judgment date, September 29, 2023.

5        **2.  Purging Plaintiff's Personnel Records**

6        While the Plaintiff may have on other occasions mentioned Plaintiff's personnel

7    records at trial, the only testimony the Court recalls was testimony from Concentric's HR

8    Director to the effect that when Andy Jacobs was employed at Concentric he maintained

9    all of the employee personnel files.  The testimony was that, after Mr. Jacobs's departure

10    from the company, and still during the discovery phase of this case, such records

11    concerning Ms. Rightsell were searched for, but could not be found.    It was speculated

12    that such files may have been discarded during an office move.  Concentric nevertheless,

13    no longer had such files.  The apparent failure of the Defendants to produce Ms. Rightsell's

14    employee files was the subject of a Motion for Pretrial Determination and Request for

15    Spoliation Instruction, which the Court denied in part and deferred for consideration at

16    trial.  At trial the Court granted a spoliation instruction based on this testimony.  In the

17    absence of any employee personnel files pertaining to Ms. Rightsell, there seemed to be no

18    need to enter such an order purging non-existent files.

19        In any event, aside from this testimony, and even assuming the Company

20    maintained an employee personnel file for Ms. Rightsell, the Court does not recall Plaintiff

21    identifying any particular document or documents in Concentric's possession which it

22    sought to have purged at trial.  Much testimony relating to Ms. Rightsell's job performance

23    was received at trial.   Some of that testimony may not have been related to statutory

24    protections including statements in her PIP.  Only one sentence in her post-trial briefing

25    requested the purging of her personnel records as an apparent afterthought.  (Doc. 186 at

26    3).  On remand Plaintiff argues that she listed four documents on the final pretrial order

27    that contain such information.  Yet, the fact that the Plaintiff identified such documents as

28    documents she might use at trial on the final pretrial order, means nothing if she did not in

fact use them at trial to demonstrate the specific equitable relief to which she claimed to be entitled.  And, she does not claim that she did.  She does mention that the PIP was discussed at trial, which it was.  But, it was not clear to the Court that the entire contents of the PIP necessarily related to her statutory protections, and this was nothing on which the Plaintiff introduced evidence.  In the absence of identifying the existing document or documents in question at trial and establishing that purging was merited with respect to some or all of the contents of that document, Plaintiff does not merit equitable relief.  *See Id.*  (holding that "[i]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties.")

The above are the reasons for which the Court did not grant the Plaintiff's request to purge documents.  It regrets that it did not adequately address this perceived deficiency in its earlier orders.  The Court remains of the view that Plaintiff did not present sufficient facts to the Court necessary to obtaining such equitable relief.  No additional equitable relief is therefore awarded.

### 3. Attorney's Fees

The Court reaffirms the reasoning that it previously used in making its attorneys' fees determination in this case.  (Doc. 216).  The most critical factor in determining a reasonable fee 'is the degree of success obtained."  *Marek v. Chesney,* 473 U.S. 1, 11 (1985) quoting *Hensley v. Eckhart,* 461 U.S. 424, 436 (1983); *Ambat v. City & Cty of San Francisco,* 757 F.3d 1017, 1032 (9th Cir. 2014) quoting *McCown v. City of Fontana,* 565 F.3d 1097, 1103 (9th Cir. 2008), (holding that "the district court should adequately explain the reasonable number of hours and hourly rate it uses in calculating the fee, and appropriately adjust the award to account for [a plaintifff's] limited success on claims and damages."

As the Court previously determined therefore, Plaintiff "is entitled to recover the reasonable amount of attorneys' fees incurred by her counsel up to" the point that Defendants made a settlement offer which results in the receipt by Plaintiff of an amount that meets or exceeds the amount she actually received by proceeding to the trial of the case.  Because the correction of the judgment to add $15,365.10 to it, makes the appropriate

date to which the awarded attorney's fees should run to be July 8, 2023 as opposed to March 8, 2023, the Plaintiff is entitled to receive the reasonable attorney's fees recovered up to July 8, 2023.  After Plaintiff provided his time incurred between these dates at oral argument, the Defendants resubmitted their objections to the reasonability of the entries between March 8 and July 8.  Their standard objection is that many of the entries would not have been incurred absent Plaintiff's counsel's request to postpone trial, originally scheduled for March, because he contracted COVID just before trial.  In light of the circumstances the Court is persuaded of the reasonableness of this request and subtracts the Buehler rescheduling entries sought by Defendant incurred on 6/28 (1.4 hours $840.00) and 6/29 (.2 $120.00) for a total of $960.00.

Nevertheless, discussions of the new settlement offer after it was communicated on Friday July 7, including those discussions that occurred on July 8, do not amount to trial preparation that should have already occurred, or issues necessitated by Plaintiff's rescheduling request.  And, because trial was scheduled to begin the following Tuesday on July 11, such last-minute trial preparation, while settlement discussions were occurring, would have been necessary and non- duplicative and would have been of benefit to the Plaintiff until she decided to reject the settlement offer.  In that light, the Court also awards Plaintiff's attorneys' fees for trial preparation that continued through July 8, while the outcome of settlement discussions was still unclear.  (The Court also denies the objection to awarding secretarial time for bates stamping documents and the transmission of transcripts).  Thus, of the additional $24,089.00 in attorney's fees sought by Plaintiff, the Court deducts $ 960.00 and awards an additional $23,129.00 in attorney's fees.

**IT IS THEREFORE ORDERED**,

Amending for a second time the Amended Clerk's Judgment (Doc. 248)  to award an additional $15,365.10 to the total amount awarded in that judgment for backpay, prejudgment interest and liquidated damages to arrive at a total judgment for all of those categories of damages of $80,595.06 and further amending the Court's Order dated April 1, 2024, (Doc. 216) to award an additional $23,129.00 in attorney's fees for a total

attorneys' fees award of $282,796.60 in fees and leaving in place the cost award of $14,666.31.

Dated this 14th day of October, 2025.

G. Murray Snow
Senior United States District Judge